BONWIT TELLER, INC., Plaintiff, *v.* MARGUERITE YVONNE, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, May 25, 1944.

*Winfred C. Allen* for plaintiff.

*Joseph J. Guadagno, Jr.,* and *Melvin C. Schwartz* for defendant.

GENUNG, J. This action is brought pursuant to section 684 of the Civil Practice Act.

The plaintiff herein, on August 3, 1940, in another action, obtained a judgment against one Evie Rosenstein, hereinafter referred to as the employee. Subsequently, a property execution was issued against the said employee and the same was returned unsatisfied. On the 29th day of June, 1943, the defendant herein was served with a garnishee execution.

The undisputed facts are that the employee is a millinery designer and is employed by the defendant during busy seasons and does not work during slack seasons. It seems that the said employee, among other times, was working from January 1, 1943, to February 6, 1943; from February 13, 1943, to June 4, 1943; from August 9, 1943, to December 11, 1943; during the week ending December 18, 1943, the said employee worked only one day; thereafter from December 18, 1943, continuously

until January 8, 1944; and from January 24, 1944, to the date of the trial.

The defendant seeks a dismissal of the complaint and contends that since the garnishee execution was served on June 29, 1943, at a time when the said employee was not actually working, the said garnishee execution never took effect, although subsequently the employee resumed work.

Although it is not germane to the problem at hand, the court is of the opinion that in all seasonal employment the employee is considered to be in the employ of the employer during slack seasons, since the employee is always subject to call whenever there is work to be done.

The said section 684 provides that an execution may issue after proper application for an order to the proper court, against the wages, earnings, salary, income, etc., and further provides that the service of a garnishee execution becomes a continuing lien, or levy, against such indebtedness. It is not directed against the employment or the relationship of employer and employee since the said section provides that the garnishee execution shall become a continuing lien against such wages, salaries, indebtedness, etc., due or to become due.

Had the employee been employed during the week of June 29, 1943, and earned less than fifteen dollars it is clear that no deductions would be made from the employee's wages or salary. Deductions would only be made from the wages earned by the employee during such weeks as her salary amounted to fifteen dollars or more.

Subdivision 6 of said section 684, in effect, provides that where a municipal corporation is the employer involved, and the employee resigns or is discharged, the garnishee shall no longer be effective unless the employee is re-employed or reinstated within three months from such dismissal or resignation. Since such limitation was made only for municipal corporations, it is logical to assume that such limitations were not intended for other employers, so that in the case of other employers, the failure of the employee to work for a period of more than three months would not affect the garnishee execution. This further bears out the construction that the lien, or levy, is directed against the wages and salaries, etc., rather than against the actual employment relationship.

Plaintiff may have judgment in accordance with the complaint. Five days' stay.